UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| K.D., A MINOR CHILD, BY AND THROUGH HER PARENTS, JOSH DUTCHER AND SARA ZAFAR<br><br>*Plaintiff,*<br><br>v.<br><br>UNIFIED SCHOOL DISTRICT #259, WICHITA PUBLIC SCHOOLS,<br><br>and<br><br>BOARD OF EDUCATION, UNIFIED SCHOOL DISTRICT #259, WICHITA PUBLIC SCHOOLS,<br>   *Defendants*. | Civil Action No. |

## COMPLAINT

COME NOW, Plaintiffs K.D. ("K.D." or "Student"), a minor child, by and through her parents, Josh Dutcher and Sara Zafar ("Parents") (collectively, "Plaintiffs"), by and through their undersigned attorney, and hereby file an action seeking recovery of attorney's fees incurred in Plaintiffs' successful prosecution of a Due Process hearing, in accordance with the federal Individuals with Disabilities Education Act ("IDEA") and its state law analogues:

## INTRODUCTION

1. Plaintiffs prevailed against Defendants in a Due Process hearing before a Due Process hearing officer, with the hearing officer's decision rendered on July 15, 2022.

2. After a seven-day hearing, the hearing officer found, among other rulings, that Defendants had failed to provide K.D. with a free appropriate public education ("FAPE") for a

period of years; that Defendants had violated IDEA and its state law analogues; that Defendants had violated IDEA's "Child Find" provisions for a period of years; that Parents were entitled to reimbursement for the costs and expenses of K.D.'s placement at a private residential therapeutic school, pursuant to IDEA and Tenth Circuit precedent; that Defendants' proposed IEP for K.D. did not provide K.D. with FAPE nor with the least restrictive environment ("LRE") for K.D. and must be amended by Defendants to reflect that K.D.'s placement at the private residential therapeutic school was the LRE and legally required placement for K.D., with the District obligated to ensure such placement is at no cost to K.D.'s Parents.

3. The hearing officer's meticulous 167-page decision ruling in favor of Plaintiffs will be attached hereto as **Exhibit A**.[1]

4. Plaintiffs prevailed on all significant issues in the due process hearing, and the hearing officer further found that "because Complainants [i.e., Parents] are prevailing parties who are the parents of a child with a disability, they may apply to a District Court for an award of their attorney's fees incurred in this matter, within the timeframe set forth by statute. 20 U.S.C. § 1415(i)(3)(B)(i)(I); K.S.A. § 72-3430(b)(12)." *See* Ex. A, p. 166.

5. Given the apparent 30-day deadline in Kansas for any prevailing party to a due process hearing to seek in federal court the recovery of reasonable attorneys' fees and costs, *see* 20 U.S.C. § 1415(i)(2), (3)(B), 34 C.F.R. § 300.516(a)-(b), 34 C.F.R. § 300.517, K.S.A. § 72-3418(d), K.S.A. § 72-3430(b)(12), and that Defendants have not appealed the hearing officer's decision and there is no guarantee Defendants will take that step, in order to preserve their right to

---

[1] In accordance with Federal Rule of Civil Procedure 5.2(a), Local Rule 5.4.6, and the document entitled, "ADMINISTRATIVE PROCEDURE FOR FILING, SIGNING, AND VERIFYING PLEADINGS AND PAPERS BY ELECTRONIC MEANS IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS" sections II.I-J, Plaintiffs will shortly file a motion for leave to file under seal the hearing officer's decision as Exhibit A, as the decision of the hearing officer contains the name and identifying information of the minor child in this matter.

recover attorneys' fees in this matter, Plaintiffs bring the present action seeking reasonable attorneys' fees and costs pursuant to the aforementioned statutes and regulations.

## JURISDICTION AND DESIGNATION OF PLACE OF TRIAL

6. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331, 20 U.S.C. § 1415(i)(3)(A) and K.S.A. § 72-3418(d).

7. Parents and Defendants are located in Wichita, Kansas; Plaintiffs thus designate Wichita, Kansas as the place of trial in this matter.

## PARTIES

8. Plaintiff K.D. is a 17-year-old student with disabilities, including emotional disturbance, other health impairment, and is thus a student with exceptionalities/disabilities under IDEA.

9. K.D.'s parents are co-Plaintiffs Josh Dutcher and Sara Zafar.

10. Defendant U.S.D. 259 is a unified school district in the State of Kansas and has the statutory power to sue and be sued, under K.S.A. § 72-1131.

11. Defendant U.S.D. 259 is also a "local education agency" under IDEA and its state analogue, and is bound to adhere to those laws and provide a FAPE, including provision of special education and related services, to all of its students with disabilities who are eligible for special education; Defendant U.S.D. 259 is also bound by law to comply with the "Child Find" requirements of IDEA and its state analogues.

12. Defendant Board of Education, U.S.D. 259, is the statutorily-established board of education for Defendant U.S.D. 259.

**FACTUAL AND PROCEDURAL HISTORY**

13. The factual and procedural history of this matter is set forth in meticulous detail in the hearing officer's July 15, 2022 "Notice of Hearing Officer's Decision," which, again, will be filed as Exhibit A.

14. In summary, K.D. is, and has been, a student with disabilities for a period of several years and exhibited numerous behavioral and academic problems during that same time period which put Defendants on clear notice of such disabilities and of K.D.'s need for special education and related services in order to make progress in light of her circumstances; Defendants were required by "Child Find" to identify K.D. as a student with disabilities and in need of special education and related services, evaluate K.D. for same, and upon a finding of eligibility, prepare an Individualized Education Program ("IEP") for K.D., a necessary component of providing FAPE.

15. Despite a litany of obvious behavioral, academic, and social/emotional problems exhibited by K.D., and despite multiple requests by K.D.'s Parents requesting and seeking the District to evaluate K.D. for special education, the District refused to even evaluate K.D. for special education for a period of years, causing immense harm to K.D., her family, and unquestionably denying K.D. FAPE for the same period.

16. K.D.'s Parents timely filed a request for due process on or about September 9, 2021.

17. After a seven-day due process hearing (February 8-11, 22 and March 7-8) which featured more than two-hundred admitted exhibits and no less than fifteen witnesses' testimony, including two experts designated by Parents of K.D., the due process hearing officer ruled on July 15, 2022 in favor of Plaintiffs on virtually all significant issues in this matter, including that Defendant U.S.D. 259 violated "Child Find" and did not provide FAPE to disabled child K.D. for

a period of years; the hearing officer further ordered U.S.D. 259 to reimburse Parents for the costs and expenses of placement of K.D. at a private therapeutic school called Logan River Academy in Logan, Utah, pursuant to IDEA, Kansas state law analogues, and Tenth Circuit precedent. *See* Ex. A.

18. The hearing officer further found that Logan River Academy was the LRE for K.D., that the District's proposed placement in its IEP was not legally adequate to meet K.D.'s needs, and ordered the District to amend K.D.'s IEP to reflect placement at Logan River Academy, and for such placement to be at no cost to Parents, among other significant relief awarded to Parents. *See* Ex. A.

19. The hearing officer further found that Parents of K.D. were the prevailing parties in this matter and entitled to pursue recovery of their attorneys' fees, pursuant to IDEA and its state analogue. *See* Ex. A.

20. K.D.'s Parents are thus the prevailing parties on all significant issues presented and argued in this matter, and under IDEA and its state analogues, Parents are entitled to an award of reasonable attorney's fees and costs in prosecuting this action against Defendants in Parents' attempt to hold Defendants to account for their years' long violation of federal and state special education laws, which has visited incalculable harm on K.D. and her family.

21. Counsel for K.D. and her Parents spent significant time and effort in handling this very complex administrative litigation matter for Plaintiffs; such time included, but was not limited to: reviewing a significant amount of material from parents relating to this matter; preparing appropriate correspondence to defendants' counsel; communicating regularly with Parents to keep them apprised of progress of matter and advise them accordingly; preparing and filing the due process complaint; attending mediation in this due process matter; preparing discovery requests

and working with Parents to respond to discovery requests from U.S.D. 259; attending various pre-hearing conferences with the hearing officer and opposing counsel; preparing and responding to pre-hearing motions; reviewing thousands of pages of records relating to K.D. produced by the District in response to discovery; collating and organizing hundreds of exhibits for the due process hearing; preparing for multiple witnesses at the hearing, including Parents, their witnesses and experts (including witnesses from Logan River Academy and K.D.'s treatment providers), and U.S.D. 259's approximately ten witnesses; appearing and representing K.D. and her Parents at the seven-day hearing; reviewing more than 1,600 pages of hearing transcript; and preparing and filing thorough proposed findings of fact and conclusions of law which sought to incorporate the key factual points established at the hearing, as well as the significant legal research completed by counsel for K.D. and her parents.

22. Attached hereto is an affidavit of accumulated reasonable attorneys' fees for parents and fees of support staff including a paralegal (attached hereto as **Exhibit B**), accounting of hours expended by each, in the form of the invoices generated by counsel for Plaintiffs in this matter in prosecution of the due process hearing matter (attached hereto as **Exhibit C**), the total costs in this matter (attached hereto as **Exhibit D** (please note that most of these costs are also referenced in the invoices)), as well as an affidavit of the prevailing attorneys' fees in this area and the experience level of counsel for plaintiffs in this matter (attached hereto as **Exhibit E**).

23. Plaintiffs also reserve the right to seek recovery of the attorneys' fees and costs incurred in pursuit of the present litigation and in response to any appeal of the hearing officer's decision filed by the Defendants.

WHEREFORE Counsel for Plaintiffs respectfully requests this Court to award to Parents attorneys' fees in the amount of $92,262.00 and costs of $963.11 in this matter, exclusive of some

fees and the costs of the instant action, and for such other and further relief as this honorable Court deems just and proper.

        Respectfully submitted,

        **COHEN & DUNCAN ATTORNEYS, LLC**

        *s/ Andrew M. Duncan*
        Andrew M. Duncan     D. Kan. #78468
        7015 College Blvd., Suite 375
        Overland Park, KS 66211
        Telephone: (785) 979-9361
        AD@studentrightslawyers.com

        ATTORNEYS FOR PLAINTIFFS